UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.R., <br><br> Plaintiff, <br><br> v. <br><br> O'MALLEY, et al., <br><br> Defendants. | Case No. 23-cv-06385-VC <br><br> **CORRECTED ORDER REMANDING CASE** <br><br> Re: Dkt. No. 14 |

    The case is remanded to the agency for further proceedings. This ruling assumes the reader is familiar with the facts, the applicable legal standards, and the arguments made by the parties.

    The ALJ concluded that S.R. would not be disabled absent substance abuse. But the ALJ's analysis is severely flawed, and his conclusion is not supported by substantial evidence in this record. Most significantly, the ALJ improperly discounted the opinion of licensed clinical social worker, Laura Catlin, by concluding that Catlin's opinion was only persuasive for periods when S.R. was actively abusing substances. In reality, Catlin's May 6, 2022 report stated that S.R. said he had been sober for two months when she examined him. S.R.'s sobriety at the time of Catlin's examination is supported by other record evidence: on March 15, 2022, around two months prior to Catlin's examination, S.R. reported to a medical doctor, Richard Cicinelli, that he had recently started suboxone to maintain opiate sobriety. What's more, the ALJ cited, described, and relied on the report from the March 15 appointment as evidence that S.R. was sober during that time period, and that he is not disabled when sober. The ALJ did the same with an April 18 report finding normal mental status. Yet, somehow, without explanation, he concluded that Catlin's examination just a few weeks later is only relevant to periods of active

substance abuse. In sum, the ALJ assumed that S.R.'s self-report of sobriety was accurate when it came to evidence showing limited impairments, but inaccurate when it came to evidence showing severe impairment, even though the self-reports occurred around the same time. Because a key premise of the ALJ's opinion is his ability to distinguish between periods of sobriety and substance abuse, and compare S.R.'s symptoms between those periods, this treatment of S.R.'s self-reported sobriety warrants reversal on its own.

       The ALJ also ignored other evidence favorable to S.R. while overreading evidence that cut in the other direction. Consider Catlin's report again. After examining S.R.'s record and conducting an examination, Catlin reached a reasoned conclusion that S.R. would be disabled even if the substance use stopped. It is up to the ALJ, of course, to assess the weight and persuasiveness of that opinion and how it stacks up against other conflicting evidence. But the ALJ never mentioned this conclusion—instead simply intoning that the report is only persuasive for periods of active substance abuse. Additionally, the ALJ minimally engaged with evidence that S.R. had severe impairments from well before he started using substances: He was disruptive in third grade, forced to repeat sixth grade multiple times, and suspended from school at thirteen due to physical altercations. On the other hand, the ALJ pointed to comparatively weak evidence for his conclusion that S.R. was not disabled during periods of sobriety. For example, the ALJ relied heavily on prison mental health records, without acknowledging the fact that prisons are structured environments in which certain mental health symptoms might present differently than they normally would in life outside. The ALJ neither considered how the prison environment might have impacted S.R.'s symptoms, nor whether it affected his willingness to share those symptoms. The ALJ also relied heavily on a few statements by S.R. over the past several years that suggest that he does not view himself as mentally ill, like his statement that he needs sober living and not mental health treatment. But it is not clear why the ALJ credited some of S.R.'s assertions but ignored others. And it seems perfectly plausible that someone with severe mental health symptoms might sometimes deny those symptoms for various reasons. In other words, much like his treatment of Catlin's opinion, the ALJ did not resolve the conflicting evidence, and

instead assumed that the evidence supporting his conclusion is the truth.

Ultimately, whether S.R.'s substance use is material to a disability determination is a difficult question. This is not a case where a remand for an award of benefits is appropriate. However, it's also clear that the ALJ's opinion must be reversed, and the case must be remanded for further proceedings.

**IT IS SO ORDERED.**

Dated: August 19, 2024

_____
VINCE CHHABRIA
United States District Judge